RAY, J.,
This appeal originates from a housing discrimination complaint filed by James Henkel with the Florida Commission on Human Relations (“Commission”) pursuant to the Fair Housing Act, sections 760.20-760,37, Florida Statutes (2012). Mr. Henkel alleged that Harbour Pointe of Perdido Key Condominium Association, Inc. (“Association”) committed discriminatory housing practices by making modifications that created inaccessible routes and entries to public and common use areas at the condominium where Mr. Henkel resides. After an evidentiary hearing before the Division of Administrative Hearings, the Administrative Law Judge (“ALJ”) is *754 sued a recommended order to the Commission, concluding that Mr. Henkel had failed to establish that the Association discriminated against him based on his handicap and recommending dismissal of the complaint. The Commission disagreed with the ALJ’s conclusions of law, and the Association appealed the final order of the Commission.
We find merit in the Association’s argument that the Commission erred in its determination that the Association committed discriminatory housing practices by allegedly making modifications to the opening pressures of the entrance and exit doors of the condominium that rendered them non-compliant with the Fair Housing Act’s design-and-construction standards. While the ALJ found that “[t]he subject doors have opening pressures that vary, but are usually out of compliance with applicable Florida and Federal standards for handicap access,” the ALJ properly concluded that Mr. Henkel had not proven a prima facie case of discrimination because the Association did not design or construct the condominium, and the evidence was insufficient to show that the Association had modified the doors since ownership of the condominium was transferred and the Association became responsible for the management and operation of the condominium. See Harding v. Orlando Apartments, LLC, 748 F.3d 1128, 1134 (11th Cir. 2014) (holding that purchaser of apartment complex who was not involved in the design or construction of the dwelling was not liable for the failure of the apartment complex to comply with federal Fair Housing Act design-and-construction standards). Accordingly, we reverse the order under review and remand for further proceedings consistent with this opinion. In all other respects, the order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
OSTERHAUS, J., CONCURS WITH OPINION; MAKAR, J., DISSENTS.